**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **SHARI FERN STEWARD**, | Case No. 6:11-cv-00689-SI |
| Plaintiff, | |
| | **OPINION AND ORDER** |
| v. | |
| **MICHAEL ASTRUE**, Commissioner Social Security Administration, | |
| Defendant. | |

Tim Wilborn, Wilborn Law Office, P.O. Box 2768, Oregon City, OR 97045. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; Scott T. Morris, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

PAGE 1 - OPINION AND ORDER

**SIMON, District Judge.**

Plaintiff Shari Fern Steward ("Steward") challenges the Commissioner's decision finding her not disabled and denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

## I.  BACKGROUND

**A.  The Plaintiff**

Ms. Steward was born in 1963. Tr. 195. (Dkt. 8). She has an eighth-grade education. Tr. 223. She applied for benefits on June 15, 2007, alleging disability since September 6, 2006, due to scoliosis, migraine headaches, and a low I.Q. Tr. 195; 218. The Commissioner denied Ms. Steward's applications initially and upon reconsideration. Tr. 64-83. An Administrative Law Judge ("ALJ") held hearings on November 10, 2009 and March 17, 2010. Tr. 25-33; 32-63. On April 23, 2010, the ALJ found Ms. Steward to be not disabled. Tr. 14-20.

**B.  The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

Each step is potentially dispositive.  20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).  The five-step sequential process asks the following series of questions:

1.      Is the claimant performing "substantial gainful activity?"  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).  This activity is work involving significant mental or physical duties done or intended to be done for pay or profit.  20 C.F.R. §§ 404.1510; 416.910.  If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).  If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations?  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  An impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a).  This impairment must have lasted or must be expected to last for a continuous period of at least 12 months.  20 C.F.R. §§ 404.1509; 416.909.  If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three.  At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC").  This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments.  20 C.F.R. §§ 404.1520(e); 416.920(e).  After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment?  If so, then the claimant is not disabled.  20 C.F.R. §§404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

PAGE 3 - OPINION AND ORDER

5.      Considering the claimant's RFC and age, education, and work experience,
is the claimant able to make an adjustment to other work that exists in
significant numbers in the national economy?  If so, then the claimant is
not disabled.  §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c);
416.960(c).  If the claimant cannot perform such work, he or she is
disabled.  *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four.  *Id.* at 953; *see also*

*Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41.  The

Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100.  At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience."  *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966

(describing "work which exists in the national economy").  If the Commissioner fails to meet this

burden, the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  If, however,

the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled.  *Bustamante,* 262 F.3d at 953-54;

*Tackett*, 180 F.3d at 1099.

## C.      The ALJ's Decision

At step one, the ALJ found that Ms. Steward was not performing substantial gainful

activity.  Tr. 16.  At step two, the ALJ found Ms. Steward's "back problem" to be "severe."

Tr. 16.  At step three, the ALJ concluded that this impairment did not meet or equal an

impairment listed in the Commissioner's regulations and that Ms. Steward retained the RFC to

perform light work in the national economy.  Tr. 17.  The ALJ additionally found that

Ms. Steward was restricted from crawling, climbing ladders, ropes, or scaffolds, and working at

unprotected heights or near dangerous machinery and that she was limited to "performing simple

repetitive tasks with verbal instructions."  *Id.*  In making this RFC determination, the ALJ found

Ms. Steward's symptom testimony not credible to the extent that it was inconsistent with the

ALJ's evaluation of the record.  Tr. 18-19.  At step four, the ALJ concluded that this RFC

allowed Ms. Steward to perform her past relevant work as a housecleaner or fast food counter

attendant.  Tr. 19.  The ALJ, therefore, found Ms. Steward to be not disabled.  Tr. 19-20.

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.,*

554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.

1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.

1982). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this court may not substitute its judgment

for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a

reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

### III.    DISCUSSION

Ms. Steward alleges that the ALJ erred by:  (1) finding that she was not disabled at step three in the sequential analysis; (2) rejecting her symptom testimony; and (3) finding at step four that she could perform her past relevant work.  She asserts that but for these alleged errors she has established her disability.

### A.    The ALJ's Findings at Step Three

Ms. Steward argues that the ALJ "may" have found her back impairment equal to the listing for orthopedic impairments.  Pl.'s Opening Br. 8.  (Dkt. 13.).  She addresses the medical evidence at some length.  *Id.* at 8-11.  The ALJ, however, found that Ms. Steward's "orthopedic impairment" does not meet any listed disorder.  Tr. 17.  Ms. Steward argues that she "may" meet Listing 1.04, and alternatively, that the ALJ should have found that her condition "equals" Listing 1.04.  She also argues that the ALJ should have further developed the record.

### 1.    Listing 1.04

Listing 1.04 first requires the claimant to show a "disorder of the spine."  This includes, for example, herniated discs, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis or vertebral fracture.  Such a condition must result in compromise of the nerve root or spinal cord.  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04.  The record shows that

Ms. Steward received diagnoses of scoliosis, "probable" lumbar sciatica, and degenerative disc disease.[1]  Tr. 352; 376; 383.  Ms. Steward's degenerative disc disease meets the first prong of Listing 1.04.

Listing 1.04 also requires that a claimant meet one of three additional prongs showing: (1) nerve root compression; (2) spinal arachnoiditis; or (3) lumbar spinal stenosis resulting in pseduoclaudication.  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04.  Ms. Steward points to evidence describing "foraminal narrowing" and asserts that this is "consistent with the possibility of nerve root compression."  Pl.'s Opening Br. 10 (citing Tr. 383).  Her indicated citation is a March 15, 2010, MRI report that reads, in full:  "Multilevel degenerative disc disease and facet spondylitis. This causes moderate foraminal narrowing on the right at L3-L4, and on the left at L5-S1." Tr. 383.

This evidence is insufficient, however, to establish that Ms. Steward meets Listing 1.04. The regulation requires "neuro-anatomic" pain distribution, limitation in motion of the spine, motor loss accompanied by sensory reflex loss, and a positive straight-leg raising test if the impairment involves the lower back.  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04(A).  Review of the medical record shows that examining physician Kari Tynne, M.D., found "probable sciatica on the left" (Tr. 352), and treating physician Dan Gleffe, M.D., repeatedly assessed chronic lower back pain without further specification corresponding to the regulation above.  Tr. 378; 380.  This evidence does not establish that Ms. Steward meets Listing 1.04(A).  Because

---

[1]  Degenerative disc disease is "not really a disease but a term used to describe the normal changes in . . . spinal discs" that occur with age.  *Degenerative Disc Disease,* WebMD, http://www.webmd.com/back-pain/tc/degenerative-disc-disease-topic-overview (last visited July 27, 2012).

Ms. Steward does not show that she has one or more of the three additional prongs required under Listing 1.04, her argument that she meets that listing fails.

Ms. Steward also argues that the ALJ should have found that her back impairment "equals" Listing 1.04. Pl.'s Opening Br. 11. A claimant may not raise an argument before this court that was not raised before the Appeals Council. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Ms. Steward did not raise in her submission to the Appeals Council an argument that she "equaled" Listing 1.04. Tr. 280-81. She has, therefore, waived this argument.

Even if she had not waived that argument, Ms. Steward has not established that the ALJ erred in declining to discuss whether she "equaled" the listing. Although the ALJ could have addressed the matter, *Marcia*, 900 F.2d at 176, an ALJ's error is reversible only when it is not "inconsequential to the ultimate nondisability determination." *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008) (citing *Stout v. Comm'r*, 454 F.3d 1050, 1055 (9th Cir. 2008). Here, the ALJ proceeded beyond step three of the sequential disability analysis and directly addressed Ms. Steward's back impairments in his RFC assessment. Tr. 17-19. Reversible error does not occur in such circumstances because error is harmless when the ALJ discussed the alleged impairment in a later step in the sequential analysis. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2001). Ms. Steward therefore fails to establish reversible error on this point.

### 2. The Development of the Record

Ms. Steward's step three challenge also asserts that the ALJ failed to develop the record pertaining to her back impairment. She argues that the ALJ should have "recontacted" Ms. Steward's physicians and asked particular questions of the medical expert at Ms. Steward's

hearing.  Pl.'s Opening Br. 10.  As noted, because the ALJ proceeded beyond step three, any error at step three is harmless for the reason stated above.

Moreover, the ALJ must develop the record only when the claimant's onset date is ambiguous, *Armstrong v. Comm'r*, 160 F.3d 587, 590 (9th Cir. 1998), or when the record is too inadequate for the Commissioner to make a proper disability determination.  20 C.F.R. §§ 404.1513(e); 416.913(e); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  The record here is neither ambiguous nor inadequate.  No physician of record indicated that Ms. Steward's spinal diagnoses were uncertain.  Ms. Steward therefore fails to establish an ambiguity requiring further development of the record.

Ms. Steward also asserts, without any citation to authority, that the ALJ should have asked the medical expert whether a recent MRI examination "would be likely to cause more severe limitation" or would support Ms. Steward's testimony.  Pl.'s Opening Br. 10.  The ALJ asked the medical expert at Ms. Steward's March 17, 2010, hearing to address Ms. Steward's back impairment.  Tr. 41.  The medical expert responded by describing the reports of treating physician Dan Gleffe,[2] M.D., who assessed no work-related limitations pertaining to Ms. Steward's back impairment and the opinion of examining physician Kari Tyne, M.D. regarding Ms. Steward's chronic low back pain and scoliosis.  Tr. 42.  The medical expert noted that Dr. Tyne did not explain her finding with reference to clinical notes.  Tr. 43.

The record reflects this testimony.  Dr. Gleffe wrote a letter on June 21, 2007, stating: "Shari has not been in my office in over a year and as of the last time I saw her I didn't note any

---

[2]  The hearing transcript refers to a "Dr. Gless" (Tr. 42) but there is no physician of record by this name.  Presumably the transcript intended reference to Dan Gleffe, M.D., the only treating physician of record.

difficulty with sitting, standing, lifting or carrying objects or mental capacities." Tr. 334.

Dr. Tyne noted Ms. Steward's report of chronic low back pain and found that she could

respectively stand, walk, and sit six hours each in an eight-hour workday. Tr. 355. As the

medical expert noted, Dr. Tyne stated that she had no records to review in support of her opinion.

Tr. 352.

The ALJ's findings associated with the medical expert's testimony are based on the

record. For these reasons, Ms. Steward fails to show ambiguity in the matter, and her argument

that the ALJ should have developed the record by further questioning the medical expert

regarding the MRI fails. In summary, Ms. Steward does not establish reversible error at step

three in the ALJ's sequential analysis.

**B.      The ALJ's Findings on Credibility**

Ms. Steward asserts that the ALJ erroneously rejected her symptom testimony. Pl.'s

Opening Br. 11-16.

**1.      Standards**

The Ninth Circuit has developed a two-step process for evaluating the credibility of a

claimant's own testimony about the severity and limiting effect of the claimant's symptoms.

*Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether

the claimant has presented objective medical evidence of an underlying impairment which could

reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*,

504 F.3d 1028, 1036 (9th Cir. 2007). When doing so, the claimant "need not show that her

impairment could reasonably be expected to cause the severity of the symptom she has alleged;

she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 918. Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. Social Security Ruling 96-7p, "Titles II and XVI: Evaluation of Symptoms in

PAGE 11 - OPINION AND ORDER

Disability Claims: Assessing the Credibility of an Individual's Statements" (available at 1996 WL 374186 at * 3).

Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the reputation for lying, prior inconsistent statements concerning the symptoms, . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

### 2.    Analysis

The ALJ's credibility analysis cited to Ms. Steward's work activity and to her activities of daily living such as driving, shopping, doing laundry, and housework. Tr. 17, 18. The ALJ noted that Ms. Steward testified that these activities were limited due to pain. Tr. 17. The ALJ also discussed the medical record. Tr. 18. The ALJ concluded that Ms. Steward's "statements concerning the intensity, persistence and limiting effects of her symptoms" were not credible to the extent they were inconsistent with other evidence considered in his RFC analysis. Tr. 19. The ALJ's stated reasons are acceptable citations in a credibility finding. Ms. Steward challenges the ALJ's interpretation of the evidence pertaining to these findings.

### a.    Activities of Daily Living

Ms. Steward testified that she drives, shops once a week, goes to her son's house to do laundry, prepares simple meals, and reads. Tr. 48-49, 56. She also testified that she gets confused when driving and cannot drive longer than 30 minutes due to back pain. Tr. 53-54.

PAGE 12 - OPINION AND ORDER

Ms. Steward also submitted a written report to the record indicating that she cares for her fourteen-year old son, prepares simple meals daily, and does dishes, laundry, and housecleaning. Tr. 241. Her hobbies include reading and sewing. Tr. 245. The ALJ noted these activities and concluded that they were inconsistent with Ms. Steward's allegation of disability. Tr. 17. The ALJ also cited Ms. Steward's testimony that she worked as a housecleaner during the period under review. Tr. 19. Ms. Steward argues that the ALJ should have considered the manner in which she performed these activities. Pl.'s Opening Br. 12. This court, however, must defer to an ALJ's interpretation of a claimant's activities where reasonable, even if an alternative interpretation more favorable to the claimant is available. *Rollins v. Massinari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ's findings are reasonably based on Ms. Steward's testimony.

Ms. Steward further argues that her employment as a housecleaner represented work that she performed for her ex-husband and therefore did not represent competitive work. Pl.'s Opening Br. 12. Ms. Steward performed cleaning work for her ex-husband, Tr. 39, and her testimony does not indicate that this work was performed in a sheltered or protected environment. Ms. Steward thus fails to establish error on this point.

Ms. Steward also argues that "the ALJ's reasons for rejecting Plaintiff's pain testimony were based, at least in part, on the testimony of the medical experts at the hearing," but that the medical expert testimony is flawed because it did not consider her March 2010 MRI examination. Pl.'s Opening Br. 13.

The ALJ's discussion cited the opinions of two medical experts. Tr. 18. The ALJ first noted Dr. Cox's testimony that Ms. Steward did not meet or equal a listing at step three, and could perform light work without environmental limitations. *Id.* The ALJ also noted Dr.

PAGE 13 - OPINION AND ORDER

Lazarus' testimony that (1) Ms. Steward's mental impairments did not meet or equal a listing, (2) the record contains no evidence of a mental disorder, and (3) Ms. Steward experienced "mild" limitations in her activities of daily living, social functioning, and concentration, persistence and pace, with one or two episodes of decompensation. *Id.* The ALJ finally noted Dr. Lazarus' opinion that Ms. Steward should be limited to simple work with verbal instructions. Tr. 18-19.

The ALJ later concluded that "testimony from both medical experts at the hearing supports [Ms. Steward's] RFC assessment." Tr. 19. Ms. Steward's challenge to this conclusion cites only her March 2010 MRI examination, which showed degenerative disc disease and moderate foraminal narrowing. Pl.'s Opening Br. 13; Tr. 383. This evidence does not establish further functional limitations than those assessed by the ALJ. Ms. Steward's challenge on the matter therefore fails.

### b.    Medication

Ms. Steward further argues that the ALJ did not properly consider that she is allergic to medications and that they upset her stomach. Pl.'s Opening Br., 12. The ALJ commented that Ms. Steward "does not take any medications." Tr. 19.

The ALJ may consider a claimant's use of conservative treatment. *Para v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). The ALJ may also consider inadequately explained reasons for why a claimant does not follow prescribed treatment. *Smolen*, 80 F.3d at 1284. The record does not show that Ms. Steward was directed to take anti-inflammatory medications, and the matter is therefore irrelevant. No physician of record directed Ms. Steward to take medication for her back impairment; the only

PAGE 14 - OPINION AND ORDER

treatment indicated was exercise.  Tr. 380.  The ALJ's finding that Ms. Steward relied upon conservative treatment is based upon the record and is sustained.

The medical record also shows no evidence of an "allergy" to all medications; Ms. Steward points only to her own testimony on the matter.  Pl.'s Opening Br. 12 (citing Tr. 50).  Although Dr. Gleffe noted Ms. Steward's complaint of stomach pain with anti-inflammatory medication, he did not address whether Ms. Steward should take them or has failed to take them.  Tr. 381.  Ms. Steward therefore fails to show that the ALJ failed to appropriately consider medication side effects in discussing any failure to follow treatment.

### c.    Examining Physician Dr. Tynne

Ms. Steward argues that because examining physician Dr. Tyne noted "no evidence of poor effort or inconsistencies," the ALJ erroneously rejected Ms. Steward's credibility "to the extent" the ALJ believed the medical evidence did not support her allegations of pain.  Pl.'s Opening Br. 12-13.  The ALJ's credibility analysis may cite the medical evidence in conjunction with other findings.  *Smolen*, 80 F.3d at 1284; *see also Robbins*, 466 F.3d at 883 (restricting the ALJ from basing credibility analysis solely upon medical evidence).  The ALJ's citation to medical evidence here extended well beyond reference to Dr. Tyne's August 2007 report. Tr. 18-19.  The ALJ also appropriately cited Ms. Steward's activities of daily living and use of conservative treatment.

### d.    Work Activity

Ms. Steward also argues that the ALJ erroneously found that she is precluded from work activity because he failed to specify that she cannot perform full-time work.  Pl.'s Opening Br. 13.  She states, "the issue is whether or not the claimant is capable of sustaining full-time work

activity in a competitive work environment without employer accommodations. *Id.* In other words, Ms. Steward argues that she requires workplace accommodation to perform the work activity for her ex-husband discussed above and, for this reason, the ALJ's finding that she could perform work under the Commissioner's regulations was erroneous.

Ms. Steward's indicated authority, for which she fails to provide precise citation, holds that receipt of SSI payment does not estop a claim under the Americans with Disabilities Act. *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 797 (1999). This is inapplicable to the present matter. The ALJ found that Ms. Steward retains the RFC to perform light work under the Commissioner's regulations (Tr. 17), which includes full time work.

In summary, Ms. Steward fails to show reversible error in the ALJ's credibility determination, and the ALJ's findings are affirmed.

**C.      The ALJ's Step Four Findings**

Finally, Ms. Steward asserts that the ALJ submitted flawed hypothetical questions to the vocational expert at step four in the sequential proceedings. Pl.'s Opening Br. 17.

The ALJ may draw upon a vocational expert's testimony at steps four and five of the sequential analysis to show that a claimant can perform work. 20 C.F.R. §§ 404.1566(d)-(e); 416.966(d)-(e). The ALJ's questions to the vocational expert must be based upon substantial evidence and may exclude limitations unsupported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Ms. Steward's arguments that the ALJ failed to consider additional limitations described in her testimony fail for the reasons discussed above. Because Ms. Steward fails to show that the ALJ erroneously omitted additional work-related limitations from his RFC assessment, she does not establish error in the ALJ's omission of these limitations in his

questions to the vocational expert at step four in the sequential analysis. The ALJ's step four

finding that Ms. Steward is not disabled is affirmed.

## IV.    CONCLUSION

Ms. Steward fails to show that the ALJ erroneously evaluated the medical evidence and

her testimony. The ALJ's decision is based upon the record and the correct legal standards. It is

therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 19th day of September, 2012.


/s/ Michael H, Simon
Michael H. Simon
United States District Judge

PAGE 17 - OPINION AND ORDER